THORNTON, J.,
concurring.
I agree with the majority that the findings of fact made by the Director of the Division of State Lands do not support his conclusion that the application to fill should be granted. In fact they support a conclusion directly to the contrary. There is, however, an additional facet to this case that should in my view be mentioned.
It appears from a reading of the Director’s order that he based his decision to allow the fill on two factors: (1) the Port’s 1967 financial commitment to the entire project, and (2) "the fact that the fishery values now found in West Cove are directly attributable to the Port’s work.”
In my view the Director also erred in basing his decision to grant the permit on the second ground.
The second conclusion raises a novel issue: May a landowner who has with the state’s permission filled in the bank of a river in such a manner as to create an artificial pond which has now become an excellent natural habitat for the growth and development of young fish be permitted by the state under ORS 541.605 et seq to destroy that habitat by filling in the same pond?
If a landowner changes the natural flow of a stream for his own purposes and the fish life therein subsequently accommodates and adjusts to the change to its advantage, it would seem that the landowner should not thereafter be permitted to destroy that habitat and the fish life existing therein. In other words, the pond in question has become a natural part of the Columbia River. Therefore the landowner cannot destroy that habitat simply because it was created in part at least as a result of his original filling of the subject river.